UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

SEP 09 1999

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK DAVIS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-99-1128 |
| | § | |
| METRO NETWORKS, INC. | § | |
| | § | |
| Defendant. | § | |

PROTECTIVE ORDER

Plaintiffs, on behalf of themselves and others, filed this suit pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), for unpaid overtime compensation for hours worked in excess of forty hours per week. Before the parties began the class notification process, the court gave the parties an open-ended time period in which to exchange documents and attempt to pursue a settlement on behalf of themselves and similarly situated employees.[1]

During this negotiation period, Plaintiffs allege that Defendants are attempting to settle with potential class members on an individual basis for less than the law would require, specifically, offering one hour "comp" time for one hour overtime. Plaintiffs allege that the Defendant is failing to inform these potential class members of their legal entitlement to time and a half wages for hours worked over forty per week and liquidated damages. Plaintiffs argue that Defendant's attempt to settle these

[1]By separate order, that time period will now expire on September 24, 1999. See Docket Entry # 24.

26

claims outside the present suit and for less than the full amount owing is improper, citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946). Plaintiffs seek an order prohibiting such conduct while settlement negotiations are being pursued and before the potential class of plaintiffs can be advised of their rights with respect to their possible claims. Defendant argues that it is not prohibited from settling potential claims with its employees on any mutually agreed terms because those employees are not yet parties to the suit.

Plaintiffs' argument more correctly states the law and the spirit of the court's instructions. In Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 704 (1945), the Supreme Court found that waivers of private rights guaranteed by the FLSA were void as against the public policies that the FSLA were intended to further. The Court noted that the mandatory language of section 207(a)(1) of the FSLA required that an employer shall not employ a worker longer than the specified time without payment of overtime compensation.

In O'Neil, the Supreme Court limited as the issue before it "whether in the absence of a bona fide dispute between the parties as to liability" an employee could waive the liquidated damages to which the statute entitled him. O'Neil, 324 U.S. at 704. The Court expressly refused to to decide "what limitation, if any . . . the Act places on the validity of agreements between an employer and employee to settle claims arising under the Act if the



ClibPDF - www.fastio.com

settlement is made as a result of a bona fide dispute between the two parties, in consideration of a bona fide compromise and settlement." Id. at 714.

In D.A. Schulte v. Gangi, 328 U.S. 108 (1946), an employer disputed whether its employees were covered by FLSA, and therefore refused to pay the claimed overtime. When the employees threatened legal action, the employer paid the claimed overtime wages in exchange for waivers from the employees of "any other or further obligations in connection [with FLSA]." Gangi, 328 U.S. at 112, n. 5. The employees later filed suit to recover liquidated damages under section 216(b) of FLSA. The employer argued that the waivers were obtained in settlement of a bona fide dispute as to FLSA coverage and therefore could be less than the amount required by statute. Gangi, 328 U.S. at 112, 66 S.Ct. at 927.

In determining that the waivers were invalid, the Court stated that "the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." Gangi, 328 U.S. at 114, 66 S.Ct. at 928. The Court further stated that "the purpose of [FLSA], which ... was to secure for the lowest paid segment of the nation's workers a subsistence wage, leads to the conclusion that neither wages nor the damages for withholding them are capable of reduction by compromise of controversies over coverage." Gangi, 328 U.S. at 116, 66 S.Ct. at 929.

In Gangi, the Court held that where the only bona fide dispute concerned whether the employer was covered by the FLSA, the



ClibPDF - www.fastio.com

employee was not bound to his or her compromise for less than the statutory liquidated reparation. The Court reasoned that in the absence of any dispute other than coverage, an employer covered by the Act should not be able to escape its statutory obligation on the theory that coverage was not altogether clear. The Court noted that it was not passing on the quite different question whether a covered employer could enter into a settlement with its employees where a bona fide dispute existed as to liability or amount.

The court has not yet determined whether any plaintiff or potential plaintiff is covered by the FSLA or was properly considered "exempt" from its provisions. However, in light of the strong public policy considerations evident in the mandatory language of the statute, it appears that permitting an employer to possibly circumvent its statutory liability by allowing it to compromise claims before its employees can be adequately informed of their options cannot be condoned by the court. The court has given the parties time within which to resolve all employee-class notice issues, not simply time to resolve the named plaintiffs' claims. Accordingly, the court finds that Plaintiffs' motion for a protective order is well-taken.

It is therefore ORDERED:

1. Neither Plaintiffs nor Defendant shall retaliate against, or threaten any Plaintiff or potential Plaintiff with retaliation of any type because of this lawsuit or for having any involvement in this lawsuit.



ClibPDF - www.fastio.com

2. Defendant shall not communicate, directly or indirectly, with any current or former Engineering Department employees about any matters which touch or concern:

a. Settlement of outstanding wage claims or unpaid compensation for time worked;

b. The number of hours the employee believes he/she is owed;

c. Payment for unpaid overtime or "comp time."

3. This Order shall not restrict Defendant from discussing with any current employee matters that arise in the normal course of business.

SIGNED in Houston, Texas, this 8th day of Sept 1999.

NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE



ClibPDF - www.fastio.com